IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MAHDI SADEGHI *et al.*

No. 1:24-cr-10391-IT

**DEFENDANT MAHDI SADEGHI'S MOTION TO DISMISS
COUNTS 2-4 OF THE INDICTMENT**

Pursuant to Fed. R. Crim. P. 12(b)(2) and (b)(3)(B), Defendant Mahdi Sadeghi moves to dismiss Counts 2-4 of the Indictment because those counts fail to charge, and the prosecution will not be able to prove beyond a reasonable doubt at trial, that Mr. Sadeghi unlawfully exported "technology," in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and the Iranian Transactions and Sanctions Regulations ("ITSR"), 31 C.F.R. § 560 *et seq*.

These counts, which relate solely to the alleged sharing of draft datasheets with an individual in Switzerland, who in turn allegedly shared those datasheets with people in Iran, do not state an IEEPA violation. When enacting IEEPA, Congress expressly prohibited the Executive branch from regulating the sharing of "information" or "information materials." 50 U.S.C. § 1702(b)(3). Because the charged datasheets are plainly "information materials" – documents that describe the specifications and performance of products – IEEPA does not apply to them. And any reading of IEEPA to apply to the sharing of publicly available datasheets would violate Due Process.

Counts 2-4 likewise fail to state any violation of the ITSR because datasheets are "informational materials" which the Executive lacks authority to regulate. While the ITSR purport

1

to regulate "informational materials not fully created and in existence at the date of the transactions," 31 C.F.R. § 560.210(c)(2), that provision does not apply to the charged datasheets because a draft datasheet is a static document that is "fully created" at the time it is shared, albeit in draft form. And if the ITSR's "not fully created" carveout applies to draft datasheets, the regulation is void as *ultra vires*.

Any interpretation of IEEPA and/or the ITSR to criminalize the sharing of datasheets – written speech – would also violate the First Amendment. As content-based and speaker-based restrictions, these laws would be subject to strict scrutiny, which they cannot withstand.

Finally, the applicable export regulations, which impose criminal penalties for violating administrative rules, represent an unconstitutional delegation of congressional authority.

For these reasons, and as discussed in the concurrently filed Memorandum of Law, Counts 2-4 should be dismissed. Mr. Sadeghi requests a hearing on this motion.

Respectfully submitted,

**MAHDI SADEGHI**

by his attorneys,

　　　*/s/ Amy Barsky*
Amy Barsky (BBO #601111)
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
*abarsky@fickmarx.com*
*wfick@fickmarx.com*
*dmarx@fickmarx.com*

Dated: October 14, 2025

## **CERTIFICATE OF SERVICE**

      I, Amy Barsky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 14, 2025.

                                                       */s/ Amy Barsky*