UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:24-cr-10391-IT-1 |
| | * | |
| MAHDI MOHAMMAD SADEGHI, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

February 25, 2026

TALWANI, D.J.

Pending before the court is Defendant Mahdi Mohammad Sadeghi's Renewed Motion to Dismiss Based on Non-Delegation Doctrine in Light of *Learning Resources, Inc. v. Trump* (February 20, 2026) [Doc. No. 223]. For the reasons discussed below, the Motion is DENIED.

## I.    Background

On October 14, 2025, Sadeghi filed a Motion to Dismiss Counts II–IV of the Indictment [Doc. No. 130], arguing that the violations of the International Emergency Economic Powers Act ("IEEPA") and the Iranian Transaction and Sanctions Regulations ("ITSR") charged in the Indictment [Doc. No. 14] were, inter alia, unconstitutional because "the federal export control regime, of which IEEPA and the ITSR are key parts," comprises an impermissible delegation of Congressional authority. Def.'s Mem. ISO Mot. to Dismiss 19 [Doc. No. 131] (capitalization omitted).

After the government filed a Superseding Indictment [Doc. No. 149] on December 16, 2025, the court terminated Sadeghi's Motion [Doc. No. 130] to dismiss counts in the original indictment as moot. See Electronic Order [Doc. No. 151]. Each of the new counts against Sadeghi in the Superseding Indictment [Doc. No. 149] charged him with a violation of, or

conspiracy to violate, IEEPA and ITSR, however, and on February 23, 2026, after the Supreme

Court issued its decision in <u>Learning Resources, Inc. v. Trump</u>, 607 U.S. ___, ___ S.Ct. ___,

2026 WL 477534 (Feb. 20, 2026), Sadeghi filed a <u>Renewed Motion to Dismiss</u> [Doc. No. 223]

claiming the IEEPA is an unconstitutional delegation of authority to the Executive branch.

## II.    Discussion

In <u>Learning Resources, Inc.</u>, the Court held that "IEEPA does not authorize the President

to impose tariffs." 2026 WL 477534, at *14. The Court explained that while IEEPA expressly

permits the President to "investigate, block during the pendency of an investigation, regulate,

direct and compel, nullify, void, prevent or prohibit . . . importation or exportation," the

"regulat[ion of] importation" does not encompass the ability to impose tariffs. <u>Id.</u> at *10 (citing

50 U.S.C. § 1702(a)(1)(B)). A plurality of Justices pointed to the major questions doctrine, which

demands that Congress speak clearly if it wishes to assign to the Executive Branch decisions of

vast "economic and political significance." <u>Id.</u> at *9 (citing <u>West Virginia v. EPA</u>, 597 U.S. 697,

721 (2022)). The plurality found that where tariffs involve "the core congressional power of the

purse," <u>id.</u> at *8, the statutory language empowering the President to "regulate . . . importation"

does not constitute a clear authorization to impose new taxes or tariffs. <u>Id.</u> at *8–10 (citing 50

U.S.C. § 1702(a)(1)(B)).

Sadeghi argues that the Court's ruling extends to the regulations at issue in the

<u>Superseding Indictment</u> [Doc. No. 149], the ITSR. <u>See</u> Def.'s Renewed Mot. 1–2 [Doc. No.

223]. The court disagrees. Neither a majority nor even the plurality in <u>Learning Resources, Inc.</u>

found that IEEPA itself constitutes an impermissible delegation of power. Instead, the Court held

that Congress did not delegate to the President authority not expressly permitted in the statute.

<u>Learning Resources, Inc.</u>, 2026 WL 477534, at *14.

Sadeghi argued in his original motion to dismiss that "IEEPA provides no 'intelligible principle' to constrain executive authority and ensure export regulations, which carry potential criminal penalties, are necessary to address any 'unusual and extraordinary threat' to the United States," and that IEEPA and ITSR therefore "comprise an unconstitutional delegation of legislative authority to executive officials, namely the President and the Treasury Department." Def.'s Mem. 19–20 [Doc. No. 131]. Each circuit that has addressed the issue has concluded to the contrary that Congress' delegation to the Executive Branch, through IEEPA, of authority to criminalize certain conduct "withstands constitutional scrutiny." United States v. Amirnazmi, 645 F.3d 564, 576 (3d Cir. 2011); see United States v. Shih, 73 F.4th 1077, 1092 (9th Cir. 2023) ("Nor does IEEPA run afoul of the nondelegation doctrine."); United States v. Mirza, 454 Fed. Appx. 249, 256 (5th Cir. 2011); United States v. Dhafir, 461 F.3d 211, 216–17 (2d Cir. 2006)); United States v. Soussi, 316 F.3d 1095, 1100 (10th Cir. 2002); United States v. Arch Trading Co., 987 F.2d 1087, 1093 (4th Cir. 1993).

These courts have all found that IEEPA confers a strictly defined and limited delegation to the Executive branch. IEEPA "'meaningfully constrains' the executive's 'discretion to define criminal conduct'" because the President must consult with Congress prior to declaring an emergency and Congress retains the power to end an emergency. Shih, 73 F.4th at 1092 (quoting Touby v. United States, 500 U.S. 160, 166 (1991)). In enacting IEEPA, Congress struck "a careful balance between affording the President a degree of authority to address the exigencies of national emergencies and restraining his ability to perpetuate emergency situations indefinitely by creating more opportunities for congressional input[.]" Amirnazmi, 645 F.3d at 577. Further, Congress constrained the delegation to the Executive branch by defining the circumstances in which the President may exercise the delegated powers. Mirza, 454 Fed. Appx. at 256 (citing 50

U.S.C. §§ 1701, 1702). Therefore, IEEPA's delegation to the Executive branch is sufficiently constrained to be considered lawful. See Soussi, 316 F.3d at 1100; Arch Trading Co., 987 F.2d at 1093.

The court does not read Learning Resources, Inc. to challenge the facial constitutionality of IEEPA or abrogate the findings of the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Ninth, and Tenth Circuits *sub silentio*. The court agrees with these cases in finding neither IEEPA nor the ITSR constitute impermissible delegations of Congressional authority to the Executive Branch.

### III.    Conclusion

For the above reasons, Defendant's Renewed Motion to Dismiss [Doc. No. 223] is DENIED.

IT IS SO ORDERED.

February 25, 2026                          /s/ Indira Talwani
                                           United States District Judge