UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:24-cr-10391-IT-1 |
| | * | |
| MAHDI MOHAMMAD SADEGHI, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
June 10, 2026

TALWANI, D.J.

Pending before the court is the government's Motion in Limine to Admit Lay Opinion and Expert Testimony [Doc. No. 228]. The government seeks to admit opinion testimony of Christopher Beckstrom, Senior Digital Forensic Examiner at the Federal Bureau of Investigation's New England Regional Computer Forensics Laboratory, as a lay witness pursuant to Federal Rule of Evidence 701 or, in the alternative, to designate him as an expert pursuant to Rule 702. See Gov.'s Mot. to Admit Expert and Lay Opinion Testimony 1 [Doc. No. 228] ("Gov.'s Mot."). Defendant maintains that Mr. Beckstrom's anticipated testimony involves specialized and technical knowledge and that the court should require the government to make expert disclosures concerning Mr. Beckstrom's testimony. See Def.'s Resp. 1–2 [Doc. No. 252].

Under Fed. R. Evid. 702, a court may allow "a witness who is qualified as an expert by knowledge, skill, experience, training, or education" to give opinion testimony based on "a reliable application" of "reliable principles and methods" to "sufficient facts or data[]." Fed. R. Evid. 702; see Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 97 (1st Cir. 2020) (citing Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589 (1993)). Lay witnesses, in contrast, may only give opinion testimony that is "[1] rationally based on the witness's perception; [2] helpful to

1

clearly understanding the witness's testimony or to determining a fact in issue; and [3] <u>not based on scientific, technical, or other specialized knowledge within the scope of Rule 702</u>." Fed. R. Evid. 701(a)-(c) (emphasis added). "In short, a lay opinion must 'result[ ] from a process of reasoning familiar in everyday life.'" <u>United States v. Montijo-Maysonet</u>, 974 F.3d 34, 47 (1st Cir. 2020) (citing Fed. R. Evid. 701, advisory committee's note to the 2000 amendments) (alteration in original). At the same time, Rule 701 "lets in 'testimony based on the lay expertise a witness personally acquires through experience, often on the job.'" <u>United States v. Belanger</u>, 890 F.3d 13, 25 (1st Cir. 2018) (quoting <u>United States v. George</u>, 761 F.3d 42, 59 (1st Cir. 2014)). "[P]articularized knowledge" is admissible as lay testimony pursuant to Rule 701, if it is "well founded on [the lay witness's] personal knowledge and susceptible to cross examination." <u>Montijo-Maysonet</u>, 974 F.3d at 47 (citing <u>United States v. Vega</u>, 813 F.3d 386, 394 (1st Cir. 2016)).

The government seeks to introduce into evidence "certain documents and information" extracted from Defendant's laptop and cellular device and asserts that Mr. Beckstrom will testify "that he extracted and copied [that] information from [Defendant's] laptop and cellular telephone[.]" Gov.'s Mot. 1 [Doc. No. 228]. The government states that Mr. Beckstrom will also testify as to the metadata extracted from those files through use of certain software tools. <u>Id.</u> at 1–2. Finally, "Mr. Beckstrom will testify that he processed data received in response to search warrants issued to Yahoo, Google, and Microsoft" and as to the metadata of certain Yahoo records. <u>Id.</u> at 2.

Where Mr. Beckstrom's testimony amounts to a chain-of-custody explanation of how the government acquired certain documents, records, or information, Mr. Beckstrom provides a lay opinion because the jury, utilizing common knowledge, can easily comprehend downloading and

2

transferring files from one device to another. See Montijo-Maysonet, 974 F.3d at 47 (expert designation not required where police officer "identified words on a spreadsheet (a/k/a/, an 'extraction report') as [] text messages" because "all [the officer] did was to read from the report, which labeled each string of text as an 'SMS message' 'to [accomplice]' or 'from [accomplice],' with the date and time."); United States v. Santiago, 560 F.3d 62, 66 (1st Cir. 2009) (police officer permitted to testify as lay witness regarding meaning of code words used during drug transactions based on hearing same language in other drug investigation).

However, to the extent that Mr. Beckstrom offers testimony regarding his retrieval and analysis of metadata from the files on Defendant's devices or from files received in response to search warrants, such explanation requires a "scientific, technical, or other specialized knowledge" that goes beyond "reasoning processes familiar to the average person in everyday life." Vega, 813 F.3d at 394–95 (citations omitted). Unlike knowledge of drug argot acquired during on-the-job experience, metadata extraction and analysis involves technical expertise. Accordingly, the court DENIES the government's Motion [Doc. No. 228] to admit the entirety of Mr. Beckstrom's testimony as lay opinion and directs the government to provide expert disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G) to Defendant regarding Mr. Beckstrom's anticipated expert testimony no later than June 15, 2026.

The government also seeks to admit the expert testimony of Spencer Thompson, a Senior Microelectromechanical Sensors ("MEMS") Product Engineer at Analog Devices, Inc. See Gov.'s Mot. 4–5 [Doc. No. 228]. Mr. Thompson will testify that the SDRA schematic and manual found on Defendant's laptop are both consistent with aerial navigation systems that have defense applications. Id. at 5. Defendant opposes the admission of Mr. Thompson's testimony based on Rules 401 and 403, arguing that the testimony's minimal relevance is outweighed by prejudice

and jury confusion, particularly given the "outbreak of actual drone warfare between Iran and the United States[.]" Def.'s Resp. 7–8 [Doc. No. 252]. While the court acknowledges the significant role played by aerial navigation in the current Iran conflict, see id. 8 n.3 (citing multiple news outlets' reports), the court nonetheless finds that Mr. Thompson's expert testimony is admissible pursuant to Rules 401 and 403. Testimony regarding SDRA products' capacity for military applications remains relevant as to Defendant's alleged willfulness. See Elec. Order [192]. Further, the potential for prejudice or confusion, while present, is not so substantial as to outweigh the testimony's probative value, particularly where a limiting instruction may resolve Defendant's concerns.

Therefore, the court GRANTS the government's Motion [Doc. No. 228] to admit the testimony of Mr. Beckstrom and Mr. Thompson as expert witnesses, subject, as appropriate, to limiting instructions, and the government shall notice Mr. Beckstrom as an expert witness and provide the appropriate disclosures, pursuant to Federal Rule of Evidence 702.

IT IS SO ORDERED.

June 10, 2026                                              /s/ Indira Talwani
                                                            United States District Judge

4